IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RUBEN CLANTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) CIVIL ACTION NO.: _____ ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby removes this case from the Circuit Court of Marshall County, Tennessee at Lewisburg, where it is currently pending as Civil Action No. 13-cv-19, to the United States District Court for the Middle District of Tennessee. As discussed below, removal of this action is proper pursuant to the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Hartford respectfully shows the Court as follows:

1. Ruben Clanton ("Plaintiff") instituted this civil action in the Circuit Court of Marshall County, Tennessee at Lewisburg, on March 28, 2013. A true and correct copy of all pleadings as sent to Defendant is attached hereto as Exhibit "A" and is incorporated herein by reference. Plaintiff also obtained a Temporary Restraining Order on March 28, 2013, which is included in Exhibit A.

2. Hartford received a courtesy copy of the Complaint and Temporary Restraining Order from Plaintiff, but to date has not been served with process. This Notice of Removal is being filed within thirty (30) days of filing and receipt of the initial pleading setting forth the

claim for relief against Hartford, and is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy v. Studio 6*, 09-2212-STA, 2010 WL 503126, *8 (W.D. Tenn. Feb. 5, 2010) ("Service of process is not a prerequisite to a defendant exercising its right of removal under 28 U.S.C. § 1446."); *see also Kalmanson v. Mortgage Elec. Registration Sys., Inc.*, 1:11-CV-482, 2011 WL 7143121, *4 (S.D. Ohio Dec. 23, 2011) *report and recommendation adopted*, C-1-11-482, 2012 WL 346666 (S.D. Ohio Feb. 2, 2012).

3. The United States District Court for the Middle District of Tennessee, Columbia Division, is a federal judicial district embracing the Circuit Court of Marshall County, Tennessee at Lewisburg, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §123(c)(2) and §1441(a).

## FEDERAL QUESTION JURISDICTION – ERISA PREEMPTION

4. Plaintiff's petition ("Complaint") seeks to enjoin and restrain Hartford from collecting the full amount it overpaid in short-term disability ("STD") benefits due to Plaintiff's receipt of workers compensation benefits. *See* Exh. A. Plaintiff is a participant in Reliance Steel and Aluminum Company's ("Reliance's") ERISA-governed short-term disability ("STD") plan, Policy No. GRH-696990 (the "Policy"), based on his former employment with Reliance. A copy of the Policy is attached hereto as Exhibit "B."

5. Hartford is the insurer and claims fiduciary for the Policy, administering and determining claims for benefits made thereunder. *See also* Ex. A, Compl. at ¶ 3. The Policy specifies that it insures an ERISA-governed Plan and recites the participant's rights under ERISA. *See* Exh. B, Policy, at pp. 27-33.

6. To the extent that Plaintiff seeks clarification and enforcement of his rights under the Policy, his claims and demands are governed and preempted by ERISA. The United States

Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also McSharry v. UnumProvident Corp.*, 237 F. Supp. 2d 875, 879-880 (E.D. Tenn. 2002). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Id.* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, **however**, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims **is necessarily federal in character**." *Taylor*, 481 U.S. at 63-64 (citation omitted; emphasis added). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the …laws…of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id.* at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

7. In order to determine whether a common law or statutory claim under state law should be characterized as a superseding ERISA action, a court must determine whether the action is essentially "to recover benefits due to Plaintiff under the terms of the plan, to enforce Plaintiff's rights under the terms of the plan, or to clarify Plaintiff's rights to future benefits

3

under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995); *see also Kalo v. Moen, Inc.*, 93 F. Supp. 2d 869, 872-73 (N.D. Ohio 2000).

8. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as he seeks to "enforce [his] rights under the terms of the plan" by preventing Hartford from reducing his STD benefits under the terms of an ERISA-governed policy of insurance. *See* Ex. A, Compl., Prayer for Relief on p. 6 (seeking an injunction preventing Hartford from engaging in collection attempts) and Ex. B at p. 16 (setting out Hartford's rights to recover benefit overpayments including the right to "(2) reduce or offset against any future benefits payable to You ... until the full reimbursement is made ... (3) refer Your unpaid balance to a collection agency.."); *See generally Gilchrest v. Unum Life Ins. Co. of Am.*, 255 Fed. Appx. 38, 44-46 (6th Cir. 2007) (upholding summary judgment for Unum in its counterclaim under ERISA "seeking equitable relief to enforce the reimbursement provisions of the Plan.")

## MISCELLANEOUS

9. A copy of this Notice of Removal is being filed with the Circuit Court of Marshall County, Tennessee at Lewisburg, as provided by law, and written notice is being sent to Plaintiff's Counsel.

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Tennessee, Columbia Division.

12. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Marshall County, Tennessee at Lewisburg, be removed to this Court.

Respectfully submitted this 4th day of April, 2013.

*Grace R. Murphy*
William B. Wahlheim, Jr.
Grace Robinson Murphy
Andrea D. Germany
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000
[*pro hac vice* motions to be filed]

Marshall T. Cook, No. 20028
Bone, McAllester & Norton, PLLC
131 Saundersville Road, Suite 130
Hendersonville, TN 37075
(615) 780-7975

Attorneys for Defendant Hartford Life and Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by Federal Express overnight delivery this 3rd day of April 2013:

Anthony Arena
Arena Law Firm
5214 Maryland Way, Suite 402
Brentwood, TN 37027

*Grace R. Murphy*
OF COUNSEL