IN THE CIRCUIT COURT OF MARSHALL COUNTY, TENNESSEE
AT LEWISBURG

| | | |
|---|---|---|
| RUBEN CLANTON, Plaintiff, | ) | DOCKET NO. ____________ |
| vs. | ) | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY Defendant. | ) | |

**VERIFIED COMPLAINT**

Comes now the Plaintiff, Ruben Clanton, and by way of complaint would state and show unto this Honorable Court as follows:

**INTRODUCTION**

1. This is an action for injunctive relief by Ruben Clanton to enjoin and restrain Hartford Life and Accident Insurance Company from engaging in any further collection attempts regarding the Defendant's claimed overpayment of short-term disability benefits. The injunctive relief requested includes but is not limited to enjoining and restraining the Defendant from contacting or attempting to contact the Plaintiff directly or forwarding his account to a collection agency.

## PARTIES

2. The Plaintiff, Ruben Clanton, is a citizen and resident of Lewisburg, Marshall County, Tennessee. At all times relevant to the allegations contained herein, the Plaintiff was employed by Precision Strip Transport as a truck driver.

3. The Defendant, Hartford Life and Accident Insurance Company, is a foreign corporation that is authorized to write policies of disability insurance in the State of Tennessee. At all times relevant to the allegations contained herein, the Defendant provided a policy of short-term and long-term disability benefits to employees of Precision Strip Transport, including the Plaintiff.

## FACTS

4. On or about August 16, 2012, the Plaintiff sustained an accidental injury arising out of and in the course of his employment with Precision Strip Transport.

5. On or about August 24, 2012, Mr. Clanton was removed from the workforce by orders of his treating physician until such time as he underwent and sufficiently recovered from surgery to repair a torn biceps tendon.

6. On or about September 5, 2012, the Plaintiff retained Arena Law Firm, P.C. to represent him in his claim for workers' compensation benefits.

7. On or about September 13, 2012, the workers' compensation insurance carrier for Precision Strip Transport denied the Plaintiff's claim for workers' compensation benefits based upon an alleged willful failure or refusal to follow a safety policy.

8. On or about September 14, 2012, the Defendant was provided with a copy of the workers' compensation insurance carrier's denial letter. As such, the Defendant began making payments to Mr. Clanton for benefits under the short-term disability policy.

9. On or about September 14, 2012, Arena Law Firm, P.C. submitted a Request for Assistance along with a lengthy memorandum and accompanying exhibits to the Tennessee Department of Labor and Workforce Development, seeking an order for the payment of temporary total disability benefits and medical benefits pursuant to the Workers' Compensation Act of the State of Tennessee.

10. On or about October 25, 2012, an initial hearing was conducted by Specialist Scott Yarbrough concerning the Plaintiff's Request for Assistance. Certain issues arose during the hearing which required that it be continued. The hearing regarding the Plaintiff's Request for Assistance was concluded on November 14, 2012.

11. On or about November 19, 2012, an order denying workers' compensation benefits was entered by Specialist Yarbrough.

12. On or about November 21, 2012, a Request for Administrative Review of a Workers' Compensation Specialist's Order was filed on behalf of the Plaintiff by Arena Law Firm, P.C.

13. On or about December 13, 2012, a hearing was conducted by the Administrator's Designee, Ron McNutt, concerning the Plaintiff's Request for Administrative Review.

14. On or about December 19, 2012, an order was entered reversing the prior Order of Denial, and further ordering that it was appropriate to commence payment of temporary total disability benefits and medical benefits by the workers' compensation insurance carrier.

15. On or about January 22, 2013, Arena Law Firm, P.C. received a check in the amount of $14,130.48 from the workers' compensation insurance carrier for Precision Strip Transport. That check represented temporary total disability benefits retroactive to August 24, 2012 and up through January 17, 2013.

16. On or about January 29, 2013, Arena Law Firm, P.C. wrote to the Defendant advising it of the events that had transpired. Arena Law Firm further advised the Defendant that it was appropriate for it to discontinue paying short-term disability benefits at that time. Arena Law Firm requested an itemization detailing any subrogation interest the Defendant may have had. That letter further advised the Defendant that Arena Law Firm would agree to protect that subrogation interest and its fee for doing so would be 1/3 of any benefits recovered. The Defendant never replied to that letter, a copy of which is attached hereto as Exhibit A.

17. After the Defendant failed to provide the requested itemization of benefits paid, a follow up telephone call was initiated by Arena Law Firm, P.C. again requesting an itemization. Pursuant to the Defendant's request, Arena Law Firm provided it with an authorization signed by the Plaintiff allowing the disclosure of the information requested.

18. On or about February 27, 2013, the Defendant finally provided an itemization of benefits paid on the Plaintiff's short-term disability claim in the amount of $11,885.35.

19. On or about March 5, 2013, Arena Law Firm, P.C. tendered a check to the Defendant in the amount of $7,923.57 representing satisfaction in full of any subrogation interest which the Defendant may have in the Plaintiff's workers' compensation claim. An accompanying letter stated "The total benefits paid were $11,885.35 from which I have deducted 1/3 as my collection fee in accordance with my letter of January 29, 2013." A copy of said letter is attached hereto as Exhibit B.

20. On or about March 12, 2013, the Defendant sent a letter to the Plaintiff acknowledging receipt of the check in the amount of $7,923.57, stating a balance remained in the amount of $3,961.78 and if repayment is not received by March 26, 2013 it would forward the

alleged overpayment balance to a collection agency for further assistance. A copy of said letter is attached hereto as Exhibit C.

21. On or about March 14, 2013, the Defendant again sent a letter to the Plaintiff requesting reimbursement of the alleged overpayment. A copy of said letter is attached hereto as Exhibit D.

22. On or about March 18, 2013, the Defendant sent a letter to Arena Law Firm, P.C. stating "We understand your ability to withhold a fee for the services you provided your client in this matter. However we do not recognize this as a reduction to the overpayment on his denied claim. Your client is responsible for returning the full $11,885.35. As such The Hartford will continue to pursue collection of these funds from your client." A copy of said letter is attached hereto as Exhibit E.

**INJUNCTIVE RELIEF**

23. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-22 and does further allege as follows:

24. The Common Fund doctrine permits Arena Law Firm, P.C. to charge the Defendant an attorney's fee for legal services rendered in protecting the Defendant's rights and interests and achieving a favorable outcome in the underlying workers' compensation case. The Plaintiff has no obligation, contractual or otherwise, to pay the Defendant's attorney's fees. Thus, there is a substantial likelihood of success in this cause of action.

25. Unless the Defendant is enjoined and restrained from engaging in any further collection attempts, including but not limited to forwarding his account to a collection agency, the Plaintiff will suffer immediate and irreparable harm, loss or damage to his credit rating.

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1. That proper process issue and be served upon the Defendant, Hartford Life and Accident Insurance Company, requiring it to appear and answer within the time prescribed by law.

2. That a temporary restraining order issue pursuant to Tenn. R. Civ. P. 65.01, restraining and enjoining the Defendant, Hartford Life and Accident Insurance Company, from engaging in any further collection attempts, including but not limited to forwarding the Plaintiff's account to a collection agency.

3. That a temporary injunction issue further restraining and enjoining the Defendant, Hartford Life and Accident Insurance Company, from engaging in any further collection attempts, including but not limited to forwarding the Plaintiff's account to a collection agency or in the alternative, recalling and cancelling the collection agency referral if already made with instructions to the agency to report no adverse action to any credit reporting agency.

4. That a permanent injunction issue.

5. For such further, general and specific relief to which the Plaintiff may prove entitled.

Respectfully submitted,

ARENA LAW FIRM, P.C.

BY: ______________________
J. ANTHONY ARENA
5214 Maryland Way
Suite 402
Brentwood, TN 37027
(615) 515-5500
Supreme Court #14704
ATTORNEYS FOR PLAINTIFF

**THIS IS THE FIRST APPLICATION FOR EXTRORDINARY RELIEF IN THIS CAUSE.**

# OATH

STATE OF TENNESSEE )
)
COUNTY OF Williamson )

I, RUBEN CLANTON, after first being duly sworn according to law, make oath that I have read the foregoing Petition and that the facts set for the therein are true and correct to the best of my knowledge, information, and belief.

Ruben A. Clanton
RUBEN CLANTON

Sworn to and subscribed before me this 27 day of March 2013.

Valerie Rosenbaum
NOTARY PUBLIC

My Commission Expires: 6-1-15

VALERIE S. ROSENBALM STATE OF TENNESSEE NOTARY PUBLIC MARSHALL COUNTY



January 29, 2013

***Via U.S. Mail and Facsimile: (877) 454-7217***

The Hartford Insurance
P.O. Box 14305
Lexington, KY 40512

**Re:** Our Client/Claimant: Ruben Clanton
Claim No.: 9004066935

To Whom It May Concern:

I represent Ruben Clanton in his workers' compensation claim for an injury to his left shoulder which occurred on August 16, 2012. The employer had denied that the injury was compensable under Tennessee Workers' Compensation Act. I was successful in obtaining an Order requiring the payment of workers' compensation benefits from the Tennessee Department of Labor and Workforce Development. Workers' compensation benefits were ordered to be paid retroactive to August 24, 2012.

The Hartford has been paying short term disability benefits for this same injury. Therefore, it appears The Hartford will have a subrogation interest in these workers' compensation benefits.

My client is now receiving regular workers' compensation benefits. Therefore, it appears appropriate to discontinue short disability benefits at this time. Please provide me with an itemization detailing The Hartford's subrogation interest in this matter. I will agree to protect The Hartford's subrogation interest and my fee for doing so will be 1/3 of the extent of that interest.

Please provide the requested information to me as soon as possible at the address below. If there are any questions or concerns, please do not hesitate to contact me.

Sincerely,
Arena Law Firm, P.C.

Anthony Arena

Exhibit A

JAA/vsr
Cc: Ruben Clanton



5214 Maryland Way, Suite 402 WWW.ARENALAWFIRM.COM 615-515-5500



March 5, 2013

Joanne L. Nelan
Benefit Management Services
Sacramento Disability Claim Office
The Hartford
P.O. Box 14302
Louisville, KY 40512-4302

| Re: | Policy Holder: | Reliance Steel and Aluminum Co. |
|---|---|---|
| | Claimant: | Ruben A. Clanton |
| | Insured ID.: | 9004066935 |
| | Policy No.: | GLT696990 |

Dear Ms. Nelan:

Enclosed please my check in the amount of $7,923.57 representing satisfaction in full of any subrogation interest which The Hartford may have in Mr. Clanton's workers' compensation claim. The total benefits paid were $11,885.35 from which I have deducted 1/3 as my collection fee in accordance with my letter of January 29, 2013.

I appreciate your cooperation and please do not hesitate to contact if you have any questions.

Sincerely,

Arena Law Firm, P.C.

J. Anthony Arena

JAA/vsr

Enclosure

Exhibit B



5214 Maryland Way, Suite 402 615-515-5500
WWW.ARENALAWFIRM.COM

IN THE CIRCUIT COURT OF MARSHALL COUNTY, TENNESSEE
AT LEWISBURG

| | | |
|---|---|---|
| RUBEN CLANTON, | ) | |
| Plaintiff, | ) | DOCKET NO. ___________ |
| vs. | ) | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | ) | |
| Defendant. | ) | |

## TEMPORARY RESTRAINING ORDER

This case is before this Court on the Verified Complaint for Temporary Restraining Order filed by Ruben Clanton, to enjoin and restrain the Defendant from engaging in any further collection attempts regarding its claimed overpayment of short-term disability benefits, including but not limited to contacting or attempting to contact the Plaintiff directly or forwarding his account to a collection agency. Its appearing to the Court that the Plaintiff has stated adequate grounds to temporarily enjoin the Defendant from any further collection efforts, it is hereby:

ORDER, ADJUDGED and DECREED that the Defendant, Hartford Life and Accident Insurance Company, be and hereby are temporarily enjoined and restrained from any further collection attempts by contacting or attempting to contact the Plaintiff directly or forwarding his account to a collection agency.

A hearing is set on this matter on April 5, 2013 at 9:00 a.m., to determine whether a temporary injunction should issue in this case.

Entered this 28th day of March, 2013.

Circuit Judge

APPROVED FOR ENTRY:

ARENA LAW FIRM, P.C.

BY: ______________________
J. ANTHONY ARENA
5214 Maryland Way
Suite 402
Brentwood, TN 37027
(615) 515-5511
Supreme Court #14704